**UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL CWIK,

        Plaintiff,

v.

        CASE NO. 10-15121

COMMISSIONER OF SOCIAL
SECURITY,

        HON. MARIANNE O. BATTANI

        Defendant.
_____/

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
<u>GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Commissioner filed Objections (Doc. 17) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 16) issued in Plaintiff Michael Cwik's action challenging the Commissioner's denial of his application for Disability Insurance Benefits and Supplemental Security Income. In the R&R, the Magistrate Judge recommended that the Court deny Defendant's motion for summary judgment (Doc. 15) and grant Plaintiff's motion for summary judgment (Doc. 10). For the reasons that follow, the Court **OVERRULES** Defendant's objections, **ADOPTS** the R&R, **DENIES** Defendant's motion, and **GRANTS** Plaintiff's motion.

**I.    STATEMENT OF FACTS**

As the parties have not objected to the Magistrate Judge's recitation of the procedural history or the administrative record, the Court adopts that portion of the R&R as if fully set forth herein. See (Doc. 16 at 1-12).

## II. STANDARD OF REVIEW

### A. Objections to a Magistrate Judge's Report and Recommendation

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### B. Commissioner's Disability Determination

Judicial review of the Commissioner's disability decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion.  Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009).  Consequently, the standard of review is deferential and allows considerable latitude to administrative decisionmakers because it presupposes there is a "zone of choice" within which the decisionmakers can go either

way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

When determining whether substantial evidence supports the Commissioner's decision, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Id. When the Appeals Council declines to review the Administrative Law Judge's ("ALJ") decision, the court's review is limited to the record and evidence before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The court may look at any evidence in the administrative record, even if it has not been cited by the ALJ. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that the reviewing court discuss every piece of evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F.App'x. 496, 508 (6th Cir. 2006). Moreover, the court may not conduct a de novo review of the evidence, determine credibility, or weigh the evidence. Brainard, 889 F.2d at 681. The court's role is limited to a search for substantial evidence, that which is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

### III. ANALYSIS

The Magistrate Judge recommended that the Court remand this matter because the ALJ posed a flawed hypothetical question to the VE. (Doc. 16 at 24). He determined that the hypothetical was flawed because it did not properly account for the ALJ's finding that Plaintiff had a moderate limitation in concentration, persistence, or

3

pace. (Id.). Defendant objects to this conclusion, arguing that the RFC and hypothetical question adequately account for Plaintiff's mental impairments.

A vocational expert's testimony in response to a hypothetical question may serve as substantial evidence in support of the conclusion that a claimant can perform other work, provided the question accurately portrays a claimant's physical and mental impairments. Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 516 (6th Cir. 2010). "[A]lthough a hypothetical question need not incorporate a listing of the claimant's medical conditions, the vocational expert's testimony, to be reliable, must take into account the claimant's functional limitations, i.e., what he or she 'can and cannot do.'" Infantado v. Astrue, 263 F.App'x 469, 476 (6th Cir. 2008) (quoting Webb v. Comm'r of Soc. Sec., 368 F.3d 629, 632-33 (6th Cir. 2004). Regarding concentration limitations, the Sixth Circuit has held that "the plaintiff's specific psychological limitation need not be specifically mentioned in the hypothetical question if that question accurately describes the claimant's limitations arising from a mental impairment or otherwise accommodates the limitation." Brown v. Comm'r of Soc. Sec., 672 F.Supp.2d 794, 797 (E.D. Mich. 2009) (citations omitted).

The Court finds no error in the Magistrate Judge's conclusion that the hypothetical question did not properly account for Plaintiff's moderate limitation in concentration, persistence, or pace. Here, the ALJ appears to have relied exclusively on the VE's testimony in response to his hypothetical questions to determine whether Plaintiff had the ability to work. (A.R. 33). Despite expressly finding that Plaintiff had a moderate limitation in concentration, persistence, or pace (A.R. 21), the ALJ's hypothetical questions included only physical limitations (A.R. 58-62). The discourse

between the ALJ and the VE confirms that the ALJ asked her hypotheticals that only addressed Plaintiff's physical limitations. Additionally, the ALJ set forth no explanation as to why he did not include Plaintiff's cognitive limitations in the hypotheticals posed to the VE.

Hypothetical questions that completely omit the ALJ's determination that Plaintiff has moderate difficulties with concentration, persistence or pace cannot accurately capture Plaintiff's functional limitations. This finding is consistent with the line of cases holding that if an ALJ has found a moderate limitation in mental functioning at Step Three, the hypothetical question posed to the VE must sufficiently account for that limitation. See Hicks v. Comm'r of Soc. Sec., No. 10–13643, 2011 WL 6000714 (E.D. Mich. Aug. 30, 2011) adopted by 2011 WL 6000701, *6 (E.D. Mich. Nov. 28, 2011) ("The ALJ made an explicit finding that Plaintiff experienced moderate deficiencies in CPP. Nevertheless, in his initial hypothetical question to the VE, the ALJ did not include this finding as a factor to be considered. The Magistrate Judge correctly noted that the VE's opinion was based on an incomplete set of limitations, and that under these circumstances the opinion cannot serve as substantial evidence."); Badour v. Comm'r of Soc. Sec., No. 10–13280, 2011 WL 3320872, at *8 (E.D. Mich. July 18, 2011) adopted by 2011 WL 3300673 (E.D. Mich. Aug. 2, 2011) (finding reversible error in the ALJ's failure to incorporate into the hypothetical question her finding that the claimant had mild concentration limitations); Green v. Comm'r of Soc. Sec., No. 08–11398, 2009 U.S. Dist. LEXIS 65355 at *29, (E.D. Mich. June 30, 2009), adopted by 2009 WL 2365557 (E.D. Mich. July 28, 2009) (finding that "'moderate' concentration problems, even if not severe

enough under the regulations to meet the listing . . . need to be included or accommodated in some suitable fashion in the hypothetical question at Step 5").

Further, the Court rejects the proposition that the ALJ's use of the term "unskilled work" during his questioning of the VE sufficiently accounts for Plaintiff's moderate limitation in concentration, persistence, or pace. Accord Allen v. Comm'r of Soc. Sec., No. 09–13503, 2010 WL 3905983 at *5 (E.D. Mich. June 2, 2010) adopted by 2010 WL 3905194 (E.D. Mich. Sept. 30, 2010) ("The problem here is that the ALJ found explicitly that Plaintiff experienced moderate deficiencies in concentration, persistence, and pace. Despite this determination, he made no reference whatsoever to concentrational limitations in the hypothetical question . . . . This Court is unaware of any case law supporting Defendant's contention that the hypothetical limitation of 'unskilled work,' with nothing more, would be sufficient to address moderate concentrational deficiencies.").

In sum, the hypothetical question should have incorporated the ALJ's finding that Plaintiff had a moderate limitation in concentration, persistence, or pace. A remand of this matter is warranted because defective hypothetical cannot serve as substantial evidence. See Benton v. Comm'r of Soc. Sec., 511 F.Supp.2d 842, 849 (E.D. Mich. 2007) (citations omitted) ("An improper hypothetical question cannot serve as substantial evidence under § 405(g)."). Accordingly, Defendant's objection is overruled.

## IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Defendant's objections (Doc. 17), **ADOPTS** the R&R (Doc. 16), **DENIES** Defendant's motion for summary judgment (Doc. 15), and **GRANTS** Plaintiff's motion for summary judgment (Doc. 10).

Accordingly, **IT IS HEREBY ORDERED** that this matter be **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

>	s/Marianne O. Battani
>	MARIANNE O. BATTANI
>	UNITED STATES DISTRICT JUDGE

DATE:  March 27, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via the Court's ECF Filing Sytem.

>	s/Bernadette M. Thebolt
>	Case Manager