UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CWIK,

        Plaintiff,

v.

MICHAEL ASTRUE,
COMMISIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

CASE NO. 10-15121

HON. MARIANNE O. BATTANI

**ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Before the Court is Plaintiff Michael Cwik's Application for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. 21.) The Court has reviewed the pleadings, and finds oral argument will not aid in the resolution of this dispute. See E.D.Mich. LR 7.1(f)(2). For the reasons that follow, Plaintiff's application is **DENIED**.

**I.    BACKGROUND**

Plaintiff applied for disability benefits on February 28, 2007, claiming that he became disabled as of December 2006. (Doc. 10 at 2.) The application was denied, and a hearing was held by an administrative law judge ("ALJ"). (Id.) After performing the required five-step inquiry, the ALJ determined that Plaintiff had severe impairments, but was not disabled and denied benefits. (Id.) Plaintiff has exhausted all available administrative remedies.

Plaintiff filed a civil action in this Court on December 24, 2010 pursuant to 42 U.S.C. § 405(g). (Doc. 1.) The matter was referred to Magistrate Judge Michael

Hluchaniuk. After Cross-motions for summary judgment were filed, the Magistrate Judge issued a Report and Recommendation ("R&R") in Plaintiff's favor recommending that the ALJ incorrectly posed hypothetical questions to the vocational expert. (Doc. 16.) The hypotheticals only included physical impairments and failed to account for Plaintiff's cognitive impairments. (Id.) This Court overruled Defendant's objections and adopted the R&R. (Doc. 19.) Summary judgment was entered in favor of Plaintiff and the Court remanded the case back for further administrative proceedings. (Doc. 20.) Defendant did not appeal and the Judgment is final.

Subsequent to the judgment, Plaintiff filed this application for EAJA fees in the amount of $4,050.00. (Doc. 21 at 7.) Plaintiff's argument is that the Commissioner's position was not substantially justified because the ALJ did not include Plaintiff's cognitive limitations in the hypotheticals posed to the vocational expert. (Id. at 2.) Defendant argues that his position in defending the action was substantially justified because the Magistrate Judge found the ALJ's decisions supported by evidence on all but one of the several issues. (Doc. 22 at 2.)

## II.   STANDARD OF REVIEW

The Equal Access to Justice Act ("EAJA") reads in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

2

**III.   APPLICABLE LAW**

To recover attorney fees under EAJA, the claimant must prevail, the government's position must not be substantially justified, there must be no special circumstances that make an award unjust, and the application must be submitted to the court within 30 days of final judgment.  Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158 (1990).  The only dispute is whether the Commissioner's position in defending the application was substantially justified.

A defendant's position is substantially justified if it has a "reasonable basis both in law and fact."  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  This means that it is "justified to a degree that could satisfy a reasonable person."  Id.  The government bears the burden of establishing that its position was substantially justified.  E.W. Grobbel Sons, Inc. v. N.L.R.B., 176 F.3d 875, 878 (6th Cir. 1999).

If the government's position is unsupported by substantial evidence, it may not be substantially justified.  Weber v. Weinberger, 651 F.Supp. 1379, 1387 (W.D. Mich. 1987).  However, the fact that a court finds an agency decision to be unsupported by substantial evidence does not "foreclose the possibility that the position was substantially justified."  Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004).  The "substantially justified standard" does not raise a presumption against the government's position just because it loses the case.  Id.  However, when the ALJ is found to have selectively considered the evidence in denying benefits, the government's position to defend the ALJ is without substantial justification.  Id.

3

**IV. ANALYSIS**

The Magistrate Judge's R&R reported that the ALJ properly rejected Plaintiff's claims that he could not perform work as an assembler, inspector, or packer because of a significant limitation in the use of his right hand. (Doc. 16 at 20.) The Magistrate Judge also concluded that the ALJ properly rejected Plaintiff's claim that the hypothetical question failed to account for the limitations in his neck; namely, that he could not look up, down, right, left, or hold it in a static position. Id. at 21. However, the ALJ found that Plaintiff had "moderate difficulties in concentration, persistence, or pace" ("CPP"), but did not include these limitations in the hypothetical question. Id. at 22. Because step five of the ALJ's analysis involves a determination of whether Plaintiff could perform a significant amount of jobs available in the national economy, the failure to include the cognitive limitations in the hypothetical was material in the decision to deny benefits. Thus, the Magistrate Judge recommended that Plaintiff's motion for summary judgment be granted and the case remanded to include the moderate CPP limitations.

In support of his position, Plaintiff relies on Howard v. Barnhart, 376 F.3d 551. In Howard, the court found that the ALJ's hypothetical question "'fail[ed] to describe accurately [plaintiff's] physical and mental impairments; a defect which, as we have stated, is fatal to the [vocational expert's] testimony and the [ALJ's] reliance upon it.'" Id. at 553. The ALJ formulated plaintiff's residual functional capacity ("RFC") using only evidence that cast the plaintiff in a "capable light and excluded those portions which showed Howard in a less-than-capable light." Id. The court awarded attorney fees after finding the government's position was not substantially justified. Id. at 554.

4

Howard is distinguishable from the case at hand. The Howard court found that the ALJ selectively considered evidence when formulating the RFC used in the hypothetical. Id. at 552. Specifically, the ALJ failed to accord complete deference to one physician's diagnoses and opinions because they were not contradicted by any other medical opinion. Id. at 553. The ALJ also improperly disregarded much of plaintiff's medical history as having no probative value. Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 241-42 (6th Cir. 2002) (reversing district court's determination that the ALJ's findings were supported by substantial evidence). Based on the numerous errors of the ALJ, the court found that the Commissioner's position in supporting the ALJ's decision was not substantially justified.

However, the court noted that the RFC is "meant to describe the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from – though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." Id. at 240. The court found the ALJ accurately formulated the RFC with the exception of omitting one of the physician's conclusions: that plaintiff suffered from lower back pain while climbing stairs. Id. at 239. This oversight alone was "not so significant as to justify a finding that this part of the RFC is not supported by substantial evidence." Id. It was the other numerous omissions and errors that led the court overturn the ALJ's findings.

In the present case, the Magistrate Judge determined the ALJ improperly omitted his finding that Plaintiff had a moderate CPP limitation when posing the hypothetical question. (Doc. 16 at 24.) There is no evidence that the ALJ selectively considered evidence in his determination. In fact, the Magistrate Judge recommended that the ALJ

properly discounted Dr. Cooley's medical opinion and a number of Plaintiff's assertions based on credibility. (Id. at 20-22.) The Magistrate Judge pointed to no other errors or omissions of the ALJ which would have affected the RFC. Under Howard, an error such as this may not be so significant as to be unsupported by evidence leading to a conclusion that the Commissioner's position was not substantially justified.

Furthermore, the Magistrate Judge noted the recent divergence of decisions involving whether claimant's limitations in CPP must be explicitly accounted for when posing the hypothetical question. (Id. at 22.) Hicks v. Comm'r of Soc. Sec., 2011 WL 6000714 (E.D. Mich. 2011) (adopted by 2011 WL 6000701 (E.D. Mich 2011) (Roberts, J.)), dealt with this issue. In the R&R, the Magistrate Judge stated that "a hypothetical simply limiting a claimant to 'simple routine tasks' may, *in some instances*, fail to capture a claimant's moderate limitations in 'concentration, persistence, or pace'" because the difficulty of a task is not equivalent to the difficulty of staying on task." Hicks, 2011 WL 6000714 at *7 (emphasis added). She distinguished between cases in which an ALJ made the finding of a moderate CPP limitation and those in which a medical professional makes such a finding. Id. at *8. When the ALJ makes a finding, but fails to include it in the hypothetical, it is more likely that the ALJ has committed reversible error. See Benton v. Comm'r of Soc. Sec., 511 F.Supp.2d 842, 849 (E.D. Mich. 2007); Badour v. Comm'r of Soc. Sec., 2011 WL 3320872 at *8 (E.D. Mich. 2011); Allen v. Comm'r of Soc. Sec., 2010 WL 3905983 at *5 (E.D. Mich. 2010).

"For the purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less 'justified' it is for the government to pursue or persist in litigation." Perket v. Sec. of

Health & Human Servs., 905 F.2d 129, 134 (6th Cir. 1990) (quoting Spencer v. N.L.R.B., 712 F.2d 539, 559 (D.C. Cir. 1983). In the present case, it was reasonable for the Commissioner to defend the ALJ's findings, even if erroneous, because there is no clearly established precedent mandating that the ALJ explicitly include the moderate CPP limitation in the hypothetical posed to the vocational expert.

Furthermore, the question is not whether the ALJ erred; but rather, whether the Commissioner was substantially justified in supporting the ALJ's decision based on the record. Plaintiff incorrectly equates the Magistrate Judge's reversal based on the ALJ's failure to account for the moderate CPP limitation with a finding that the ALJ's decision was not supported by the evidence. However, the Commissioner reasonably believed the ALJ's RFC determination accounted for the limitation given the current precedent. The fact that the ALJ erred in omitting the moderate CPP limitation, while properly and accurately considering all of the other evidence in the record, provided the Commissioner with a reasonable basis to support the ALJ's decision. Therefore, the Commissioner's position was substantially justified and an award of attorney fees is inappropriate.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Application for Attorney Fees is **DENIED**.

**IT IS SO ORDERED.**

                                              s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              UNITED STATES DISTRICT JUDGE

DATE: September 5, 2012